## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE MICKMAN,        : | |
|     Plaintiff,          : | |
|                 : | |
|    v.                  : | CIVIL ACTION NO. 23-CV-2047 |
|                 : | |
| SUPERIOR COURT OF      : | |
| PENNSYLVANIA,          : | |
|     Defendant.         : | |

### MEMORANDUM

**BARTLE, J.**                                                                          **JULY 31, 2023**

Pending before the Court is a Second Amended Complaint filed by Elaine Mickman asserting civil rights violations against Defendant the Superior Court of Pennsylvania.[1] Mickman also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mickman *in forma pauperis* status and dismiss the Second Amended Complaint.

---

[1] After filing her initial Complaint (ECF No. 2), Mickman filed an Amended Complaint (ECF No. 4) and a Second Amended Complaint (ECF No. 5). An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"). Accordingly, the Second Amended Complaint ("SAC") is the operative pleading.

I.     **FACTUAL ALLEGATIONS**[2]

Mickman alleges that she filed a Notice of Appeal with the Superior Court concerning an August 3, 2020 order filed by the Montgomery County Court of Common Pleas in a child support proceeding.[3]  (Compl. at 2.)  She claimed that the Common Pleas Court order violated a prior order filed on November 8, 2019 by canceling a "Child Support Master Hearing" scheduled for January 6, 2020, and rescheduling it for August 2020.  (*Id*.)  The Child Support Master Hearing was scheduled due to a petition filed alleging a due process violation after child support was prematurely terminated for Mickman's unemancipated, disabled child.  (*Id*. at 2-3.)  Her appeal to the Superior Court was allegedly dismissed due to her inability to pay the filing fee after the Superior Court denied her leave to proceed *in forma pauperis*.  (*Id*. at 3.)  She claims she was dependent on supplemental security income benefits at the time.  (*Id*.)

After Mickman filed a new petition for child support on the advice of a "DRO Director," on October 20, 2020, "an unassigned Judge" – presumably with the Court of Common Pleas – allegedly canceled a hearing for child support on the refiled petition and entered an order enjoining Mickman from filing child support petitions without conducting a state law-required hearing within five days.  Mickman filed a Notice of Appeal challenging the injunction order based on the lower court's alleged procedural errors and its quashing of her refiled petition

---

[2] The factual allegations set forth in this Memorandum are taken from Mickman's SAC (ECF No. 5).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[3] It appears from publicly available court records that Mickman and her former husband have been engaged in longstanding divorce and custody proceedings.  *See Mickman v. Mickman*, No. 1469 EDA 2017, 2018 WL 4402582, at *1 (Pa. Super. Ct. Sept. 17, 2018) (providing history of the litigation and noting, *inter alia*, that Elaine Mickman had filed "numerous frivolous and vexatious lawsuits" attempting to re-open or vacate the divorce decree).

without review. According to Mickman, the Superior Court "quashed [her] appeals prior to, and without review, therefore [the Court] relinquished and was absent jurisdiction to enter the May 27, 2021 arbitrary *per curiam* Opinion Order" because it was a "non-judicial act." (*Id*.)

Mickman asserts that, because the Superior Court lacked jurisdiction, its order quashing of her Notice of Appeal violated her constitutional right to a first level appeal of the child support determination, as well as her due process and equal protection rights, and First Amendment right to access the courts. (*Id*. at 4-6.) She asserts civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.[4] (*Id*. at 8-9.) For relief on her civil rights claims,

---

[4] Mickman also asserts that the Superior Court violated federal criminal statutes concerning obstruction of court orders and proceedings before federal agencies. Criminal statutes generally do not give rise to a basis for civil liability. (Compl. at 5 (citing 18 U.S.C. §§ 1509, 1505).) To the extent Mickman cites federal criminal statutes as a basis for additional claims against the Pennsylvania Superior Court, they are dismissed. Federal criminal statutes generally do not provide for a private cause of action. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979).

Mickman also appears to raise claims for violation of the Pennsylvania Constitution and a Pennsylvania statutory provision, 42 Pa. Stat. and Cons. Stat. Ann. 4902. (*Id*. at 7.) However, as there is no private right of action for damages under the Pennsylvania Constitution, that claim is dismissed. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."). Section 4902 is a provision within the chapter of the Pennsylvania judicial code establishing a fund to "provide civil legal assistance to poor and disadvantaged persons in this Commonwealth." *See* 42 Pa. Stat. and Cons. Stat. §

Mickman seeks injunctive and declaratory relief "to restore and vindicate" her constitutional rights, and compensatory money damages. (*Id*. at 13.)

## II. STANDARD OF REVIEW

The Court grants Mickman leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mickman is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8

---

4905. Section 4902 is a legislative declaration of the purpose of the chapter: "It is of paramount importance to the citizens of this Commonwealth that all individuals who seek lawful redress of their grievances have equal access to our system of justice" and the "availability of civil legal services is essential to providing meaningful access to justice for indigent persons who cannot afford legal representation." *Id.* While unclear, Mickman may have cited the statute as part of her dispute with the Pennsylvania Superior Court over whether she was entitled to *in forma pauperis* status for her appeal. Nothing in the Court's research has determined that this provision creates a private right of action. Accordingly, to the extent Mickman cites it for that purpose, any such claims is dismissed as not plausible.

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Mickman's claims for injunctive relief and compensatory damages against the Pennsylvania Superior Court are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). The United States Supreme Court has made clear that Eleventh Amendment sovereign immunity applies regardless of the relief a plaintiff seeks. *Cory v. White*, 457 U.S. 85, 90-91 (1982) (holding that Eleventh Amendment immunity precludes both suits for money judgments and suits for injunctive relief); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981)

("Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief.").

Eleventh Amendment immunity applies to the various types of civil rights claims asserted by Mickman.  *Laskaris*, 661 F.2d at 25; *Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 10 (3d Cir. 2008) (*per curiam*); *Blanciak*, 77 F.3d at 697 ("Since Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment."); *Watson v. Dep't of Servs. for Child., Youths & Their Fams. Delaware*, 932 F. Supp. 2d 615, 621 (D. Del. 2013) (holding that § 1981 claim was barred by the state's Eleventh Amendment immunity); *Collins v. Sload*, No. 99-0829, 212 F. App'x 136, 138 (3d Cir. Jan. 8, 2007) (affirming dismissal of § 1985 and § 1986 claims against defendants because of Eleventh Amendment immunity); *Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 944, 948 (3d Cir. 2019) (holding that the district court properly dismissed plaintiff's section 1983, 1985(e), and 1986 claims against the Department of Corrections and individual prison staff sued in their official capacities as barred by the Eleventh Amendment).

Three exceptions to the application of Eleventh Amendment sovereign immunity exist.  First, Congress may abrogate Eleventh Amendment immunity by expressing its "unequivocal" intent to abrogate pursuant to a "valid exercise of power."  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996).  Second, states may waive their sovereign immunity and consent to be sued, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), but a state's waiver must "be unequivocally expressed," *Halderman*, 465 U.S. at 99.  Third, the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), allows suits against individual state officers for declaratory and prospective injunctive relief to remedy ongoing violations of federal law.

None of these three exceptions apply in this case. No congressional statute unequivocally abrogates state sovereign immunity in this context.[5] Second, the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court for it and its departments. *See* 42 Pa. Cons. Stat. § 8521-22. The Pennsylvania Superior Court, as part of Pennsylvania's unified judicial system, is part of the Commonwealth and shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

Third, the doctrine of *Ex Parte Young* does not apply. Mickman has not named individual state officers against whom she seeks prospective declaratory and injunctive relief to remedy ongoing violations of federal law. Rather, it is clear from the Second Amended Complaint that Mickman seeks declaratory and injunctive relief against the Superior Court itself directed to and challenging past conduct – the Court's rulings in her cases denying her leave to proceed *in forma pauperis*, and quashing her appeals – "to restore and vindicate" her constitutional rights.

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (alteration in

---

[5] Notably, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983). This amendment to § 1983 is not an unequivocal abrogation of sovereign immunity for injunctive relief in the context Mickman presents. Congress amended § 1983 to permit a claim for injunctive relief against judicial officers, not States and their constituent courts. Also, as discussed later, her request for injunctive relief is not proper for additional reasons.

original) (citation omitted); *see also MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (stating that, to avoid the bar of the Eleventh Amendment, "[t]he relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages."). In order to obtain prospective injunctive or declaratory relief, Mickman needed to allege facts from which it appeared substantially likely that she would suffer *future* injury. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). In order to obtain prospective injunctive or declaratory relief, Mickman needed to allege facts from which it appeared substantially likely that she would suffer *future* injury. Mickman, however, seeks a declaration that the Superior Court previously violated her rights by denying her *in forma pauperis* status and quashing her appeals. That is not a proper use of a declaratory judgment, which is meant to define the legal rights and obligations of the named parties in anticipation of future conduct, not to proclaim their liability for past actions.

Additionally, Mickman's claims against the Pennsylvania Superior Court for money damages under §§ 1983, 1985 and 1986 also fail because Commonwealth entities are not "persons" under those statutes. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65 (1989) (holding that "a State is not a person within the meaning of § 1983."); *New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, 2010 WL 2674565, at *6 (D.N.J. June 30, 2010) (finding that "persons" under § 1983 and § 1985 have the same meaning); *Fontan v. City of Lancaster*, No. 96-5653, 1998 WL 967585, at *3 (E.D. Pa. Nov. 6, 1998) ("The term 'person,'

as used in § 1983, has the same meaning as 'person' as used in §§ 1985 and 1986." (citation omitted)).  Thus, because the Superior Court is not a "person" within the meaning of §§ 1983, 1985, and 1986 the claims for money damages must be dismissed.

Finally, Mickman's claim for money damages under § 1981 is also not plausible because "'[t]o establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'"  *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).  Mickman fails to allege she is a member of a racial minority or that she was discriminated against on the basis of her race.

For these reasons, the Court concludes that Mickman's claims for injunctive and monetary relief against the Pennsylvania Superior Court are barred by the Eleventh Amendment and her claims for money damages are additionally not plausible.  Accordingly, the Second Amended Complaint will be dismissed.  No leave to amend will be granted since any attempt would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).